IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-01843-PAB-MJW

JONATHAN FLORES,

    Plaintiff,

v.

GLOBAL CREDIT & COLLECTION CORPORATION, a Delaware corporation,

    Defendant.

---

## ORDER AWARDING ATTORNEYS FEES

---

    This Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, case is before the Court on plaintiff's motion for attorney's fees [Docket No. 24]. On October 14, 2010, plaintiff accepted the defendant's offer of judgment pursuant to Federal Rule of Civil Procedure 68. *See* Docket No. 19. On October 22, 2010, the Court entered judgment in favor of plaintiff and against defendant in the amount of $1,100.00 plus "costs together with reasonable attorney fees determined by the Court." Docket No. 21. On October 28, 2010, the Clerk taxed costs in the amount of $423.00 against defendant. Docket No. 23.

    Plaintiff seeks $7,375.00 in fees for 29.5 hours of attorney time at the rate of $250 per hour. *See* Docket No. 23 at 7. Defendant does not challenge plaintiff's entitlement to fees or the reasonableness of this rate, but it does challenge the number of hours for which plaintiff seeks fees. In addition, plaintiff seeks an additional 1.7 hours of attorney time at $250 per hour for the time spent preparing a reply to

defendant's Response to Plaintiff's Motion for Attorney Fees [Docket No. 26].  *See* Docket No. 26 at 3.

First, defendant argues that plaintiff has unreasonably requested 1.2 hours of time for listening to and transcribing recordings on October 4, 2010.  *See* Docket No. 25.  The Court finds that this time was reasonably spent by plaintiff's attorney.  In his reply, plaintiff explains that his attorney determined that obtaining a court reporter to transcribe the short recording would not be cost effective or accurate.  *See* Docket No. 26 at 2.  The Court finds that, under the circumstances, it was reasonable for plaintiff's attorney to perform the transcription himself.

Second, defendant argues that plaintiff should not recover fees for time spent drafting a summary judgment motion that plaintiff never filed.  The Court does not agree.  Plaintiff explains that, when his attorney received defendant's offer of judgment on October 8, 2010, he had already spent the 9.3 hours of work on a summary judgment motion.  The Court finds that plaintiff's attorney was reasonable in beginning to prepare this dispositive motion following the scheduling conference on October 4, 2010.  *Cf. Martini v. Federal Nat. Mortg. Ass'n,* 977 F. Supp. 482, 488 (D.D.C. 1997) (denying fees for unfiled motion where plaintiff "made no showing with respect to why that Motion was not filed"); *Cannella v. Anodyne Corp.*, 1997 WL 573398, at *4 (N.D. Ill. Sept. 11, 1997) (request for fees related to unfiled motions denied where "plaintiff fail[ed] to describe to the court how preparation of these motions was, in fact, reasonable").

Finally, the Court finds that the time plaintiff's counsel spent replying to defendant's response to plaintiff's motion for attorney's fees is reasonable and will award that amount of fees as well.

Accordingly, it is

**ORDERED** that plaintiff's Motion for Attorney's Fees [Docket No. 24] is **GRANTED**.  It is further

**ORDERED** that plaintiff shall be awarded attorney's fees in the amount of $7,800.00.

DATED August 4, 2011.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge